UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Janine Guilford,<br><br>Plaintiff,<br><br>-v-<br><br>U.S. BankNationalAssociation, as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series -BC1, John Doe Entities 1–3,<br><br>Defendants. | 2:24-cv-5663<br>(NJC) (SIL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On August 20, 2024, the Court denied Plaintiff Janine Guilford's ("Guilford") motion to proceed in forma pauperis without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form IFP"). (Order at 1, ECF No. 4.) Alternatively, Guilford was advised that she may pay the $405 filing fee within fourteen (14) days of the August 20, 2024 Order. (*Id.*) The Order also encouraged Guilford to consult with the Hofstra Law Pro Se Clinic. (*Id*. at 3 n.1) The Order was mailed to Guilford at her address of record and has not been returned to the Court as undeliverable.

Having failed to comply with the September 4, 2024 deadline, on September 12, 2024, the Court afforded Guilford a final opportunity to either file the Long Form IFP or pay the filing fee by September 24, 2024. (Elec. Order, Sept. 12, 2024.) The Court warned Guilford that, "[f]ailure to timely comply . . . , absent a showing of good cause, will lead to the dismissal of the Complaint without prejudice, and judgment will enter without further notice." (*Id.*) The Court's

September 12, 2024 Order, was mailed to Guilford at her address of record and has not been returned to the Court as undeliverable.

The Court has considered the five factors that must be weighed when determining whether to dismiss a case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure as set forth in *Baptiste v. Sommers*:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

768 F.3d 212, 216 (2d Cir. 2014).

Balancing these factors, it is appropriate to dismiss this action for failure to prosecute under Rule 41(b). Given Guilford's failure to respond to the Court's August 20, 2024 and September 12, 2024 Orders or to otherwise communicate with the Court in the intervening three months, it appears that Guilford has abandoned this case. Guilford has failed to comply with this Court's Orders for more than three months and was on notice that such failure would result in dismissal of this action. Defendants will be prejudiced by further delay. Moreover, dismissal without prejudice is not an adjudication on the merits and balances the Court's interest in managing its docket with Guilford's interest in being heard.

Accordingly, the Complaint is dismissed without prejudice pursuant to Rule 41(b). The Clerk of the Court shall enter judgment accordingly and close this case.

The Clerk of the Court shall mail a copy of this Memorandum and Order to Guilford at her address of record and shall also record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
December 13, 2024

                                        /s/ Nusrat J. Choudhury
                                        NUSRAT J. CHOUDHURY
                                        United States District Judge